IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**ALICE RICE,**

        Petitioner,

v.        //    CIVIL ACTION NO. 1:11CR43
                     CRIM. ACTION NO. 1:14CV97
                       (Judge Keeley)

**UNITED STATES OF AMERICA,**

        Respondent.

## MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 13], DENYING § 2255 MOTION [DKT. NO. 1], AND DISMISSING CASE WITH PREJUDICE

Pending before the Court is the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Dkt. No. 1) filed by the petitioner, Alice Rice ("Rice"). Also pending is the Report and Recommendation ("R&R") of the Honorable James E. Seibert, United States Magistrate Judge, recommending that Rice's § 2255 motion be denied as untimely (Dkt. No. 13). For the reasons that follow, the Court **ADOPTS** the R&R, **OVERRULES** Rice's objections, **DENIES** Rice's § 2255 motion, and **DISMISSES** this case **WITH PREJUDICE**.

### BACKGROUND[1]

On August 19, 2011, Rice pleaded guilty in this Court to one count of bank fraud, in violation of 18 U.S.C. § 1344 (Case No. 1:11CR43, Dkt. No. 16). On May 3, 2012, the Court sentenced Rice

---

[1] All docket numbers, unless otherwise noted, refer to Case No. 1:14CV97.

**MEMORANDUM OPINION AND ORDER ADOPTING
REPORT AND RECOMMENDATION [DKT. NO. 13], DENYING
§ 2255 MOTION [DKT. NO. 1], AND DISMISSING CASE WITH PREJUDICE**

to 57 months of incarceration, five years of supervised release, $319,000.00 in restitution, and a $100 mandatory special assessment (Case No. 1:11CR43, Dkt. No. 37). Rice did not appeal.

On January 30, 2014, Rice filed a pro se motion seeking a "disposition" in a criminal case in the Circuit Court of Marion County, West Virginia (Case No. 1:11CR43, Dkt. No. 53). This Court lacks jurisdiction over any state court criminal matters and therefore **DENIES** Rice's pro se motion.

On June 9, 2014, Rice filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. No. 1). She filed her court-approved form on June 24, 2014 (Dkt. No. 5), following which Magistrate Judge Seibert issued a Hill v. Braxton notice, notifying Rice that her case may be dismissed as untimely (Dkt. No. 6). On August 14, 2014, Rice responded, contending that the Court should toll the one-year statute of limitations due to the "extraordinary circumstance" of the law library at her prison not having the most current cases from the Supreme Court of the United States (Dkt. No. 12).

On March 3, 2015, Magistrate Judge Seibert issued his R&R, recommending that the Court deny Rice's petition as untimely and

**RICE V. UNITED STATES**                                          1:14CV97
                                                                   1:11CR43

**MEMORANDUM OPINION AND ORDER ADOPTING
REPORT AND RECOMMENDATION [DKT. NO. 13], DENYING
§ 2255 MOTION [DKT. NO. 1], AND DISMISSING CASE WITH PREJUDICE**

dismiss the case with prejudice (Dkt. No. 13). Rice filed her objections to the R&R on March 19, 2015 (Dkt. No. 15).[2]

## LEGAL STANDARD

Title 28 U.S.C. § 2255(a) permits federal prisoners, who are in custody, to assert the right to be released if "the sentence was imposed in violation of the Constitution or laws of the United States," if "the court was without jurisdiction to impose such sentence," or if "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." A petitioner bears the burden of proving any of these grounds by a preponderance of the evidence. See Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

Importantly, a one-year limitation period applies to actions brought under § 2255. 28 U.S.C. § 2255(f). The limitation period begins to run from the latest of the following:

---

[2] When reviewing a magistrate judge's report and recommendation made pursuant to 28 U.S.C. § 636, the court must review de novo only the portion to which an objection is timely made. 28 U.S.C. § 636(b)(1)(C). When no objections to the R&R are made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 468 F.Supp. 825 (E.D. Cal. 1979). Because Rice objected to the conclusions in the R&R, the Court will review the same de novo.

**RICE V. UNITED STATES** 1:14CV97
1:11CR43

**MEMORANDUM OPINION AND ORDER ADOPTING
REPORT AND RECOMMENDATION [DKT. NO. 13], DENYING
§ 2255 MOTION [DKT. NO. 1], AND DISMISSING CASE WITH PREJUDICE**

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

## DISCUSSION

As an initial matter, Rice's motion is untimely under § 2255(f)(1). After the Court entered Rice's Judgment and Commitment Order on May 11, 2012 (Case No. 1:11CR43, Dkt. No. 37), Rice did not file an appeal. Her conviction therefore became final fourteen days later, on May 25, 2012. Fed. R. App. P. 4(b)(1)(A)(i). She did not file this suit until June 9, 2014, one year and fifteen days after the one-year limitation period had expired.

Rice does not deny this timeline, but contends that her petition is timely under § 2255(f)(3), citing to Lafler v. Cooper,

4

RICE V. UNITED STATES                                          1:14CV97
                                                               1:11CR43

MEMORANDUM OPINION AND ORDER ADOPTING
REPORT AND RECOMMENDATION [DKT. NO. 13], DENYING
§ 2255 MOTION [DKT. NO. 1], AND DISMISSING CASE WITH PREJUDICE

123 S.Ct. 1376 (2012), and Missouri v. Frye, 132 S.Ct. 1399 (2012) (Dkt. No. 1 at 2). In Lafler, which was decided on March 21, 2012, the Supreme Court found that counsel was ineffective when he advised the defendant to reject a plea offer on the grounds that the defendant could not be convicted at trial. 123 S.Ct. at 1384. In Frye, also decided on March 21, 2012, the Supreme Court held that the right to effective assistance of counsel extended to consideration of lapsed or rejected plea offers, and that counsel was obligated to communicate plea offers to the defendant. 132 S.Ct. at 1408-09.

Setting aside the question of whether the Supreme Court has found Lafler and Frye to be retroactively applicable, Rice's motion, filed on June 9, 2014, was still untimely by more than one year. 28 U.S.C. § 2255(f)(3); Dodd v. United States, 545 U.S. 353, 358-59 (2005) (holding that the one-year limitation period for filing a § 2255 motion based on a newly recognized right ran from the date on which the Supreme Court initially recognized the right, and not from the date on which the right asserted was made retroactively applicable).

**RICE V. UNITED STATES**  1:14CV97
 1:11CR43

**MEMORANDUM OPINION AND ORDER ADOPTING
REPORT AND RECOMMENDATION [DKT. NO. 13], DENYING
§ 2255 MOTION [DKT. NO. 1], AND DISMISSING CASE WITH PREJUDICE**

Rice argues that the Court should equitably toll the one-year limitation period due to "extraordinary circumstances" because the Federal Prison Camp Alderson, where she is incarcerated, did not update its law library, and therefore lacked access to relevant case law, including Lafler and Frye, to conduct thorough research (Dkt. No. 12 at 3).

Equitable tolling is only available "in those rare instances" where, due to circumstances outside of the petitioner's own conduct, "it would be unconscionable to enforce the limitation period against the [petitioner] and gross injustice would result." United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (quoting Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (quotation marks omitted)). An otherwise time-barred petitioner must establish the following to be entitled to equitable tolling: (1) extraordinary circumstances; (2) beyond his control or external to his conduct; (3) that prevented him from timely filing. Id. Equitable tolling is generally reserved for instances where the wrongful conduct of the opposing party prevented the petitioner from filing a petition, or extraordinary circumstances beyond the petitioner's control made it impossible to file a timely petition.

**RICE V. UNITED STATES**                                          1:14CV97
                                                                   1:11CR43

**MEMORANDUM OPINION AND ORDER ADOPTING
REPORT AND RECOMMENDATION [DKT. NO. 13], DENYING
§ 2255 MOTION [DKT. NO. 1], AND DISMISSING CASE WITH PREJUDICE**

United States v. Anderson, No. 04-0353, 2012 WL 1594156, at *2 (D.S.C. May 7, 2012) (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)).

In this case, Magistrate Judge Seibert found insufficient Rice's "general, conclusory assertion" that Lafler and Frye were inaccessible during the one-year limitation period (Dkt. No. 13 at 6). He further found that neither case provided support that was not otherwise already available. Id. The Court agrees. Lafler and Frye were both decided on March 21, 2012, before the one-year limitation period began to run on May 25, 2012. Rice has failed to provide specific evidence of the length of time those cases were unavailable, what steps, if any, she took to research alternative case law, or if she asked for assistance.

Furthermore, even a cursory reading of Frye establishes that the right to effective assistance of counsel has long applied to certain pre-trial proceedings. Frye, 132 S.Ct. at 1405 (citing Argersinger v. Hamlin, 407 U.S. 25 (1972) (extending the right to guilty pleas); Massiah v. United States, 377 U.S. 201 (1964) (post-indictment interrogations); Hamilton v. Alabama, 368 U.S. 52 (1961) (arraignments)). Rice could have easily relied on these decisions

**RICE V. UNITED STATES**                                                    1:14CV97
                                                                              1:11CR43

**MEMORANDUM OPINION AND ORDER ADOPTING
REPORT AND RECOMMENDATION [DKT. NO. 13], DENYING
§ 2255 MOTION [DKT. NO. 1], AND DISMISSING CASE WITH PREJUDICE**

to construct her argument that counsel was ineffective for failing to adequately advise her before she pleaded guilty. The law library's failure to provide Rice with these two cases hardly rises to the level of "extraordinary circumstances" contemplated by the equitable tolling rule. See Rouse, 339 F.3d at 246 ("[R]arely will circumstances warrant equitable tolling").

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in such cases. If the court denies the certificate, "the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." 28 U.S.C. foll. § 2255(a).

The Court finds it inappropriate to issue a certificate of appealability in this matter because Rice has not made a "substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is

**RICE V. UNITED STATES**　　　　　　　　　　　　　　　　　　　　　　　1:14CV97
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　1:11CR43

**MEMORANDUM OPINION AND ORDER ADOPTING
REPORT AND RECOMMENDATION [DKT. NO. 13], DENYING
§ 2255 MOTION [DKT. NO. 1], AND DISMISSING CASE WITH PREJUDICE**

debatable or wrong, and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). Upon review of the record, the Court concludes that Rice has failed to make the requisite showing, and **DENIES** a certificate of appealability.

## CONCLUSION

For the reasons discussed, the Court **ADOPTS** the R&R (Dkt. No. 13), **DENIES** Rice's motion for a disposition (Case No. 1:11CR43, Dkt. No. 53), **OVERRULES** Rice's objections (Dkt. No. 15), **DENIES** Rice's § 2255 motion (Dkt. No. 1), and **DISMISSES** this case **WITH PREJUDICE.**

It is so **ORDERED**.

The Court directs the Clerk to transmit copies of this Order to counsel of record and the pro se petitioner, certified mail, return receipt requested, to enter a separate judgment order, and to remove this case from the active docket.

DATED:  December 17, 2015.

　　　　　　　　　　　　　　　　　　　　　　　/s/ Irene M. Keeley
　　　　　　　　　　　　　　　　　　　　　　　IRENE M. KEELEY
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE